## Reamer *versus* Lamberton *et al.*

1. An assignment for the benefit of creditors, leaving a blank for the assignee's name, was executed and acknowledged. An execution was afterwards issued against the assignor and put into the sheriff's hands ; subsequently the assignee's name was inserted and the assignment recorded. *Held*, that the title to the property remained in the assignor till the assignee's name had been inserted and the assignment delivered to him, and the assignor's goods were not protected from the execution.

2. The insertion of the assignee's name was necessary to the validity of the assignment.

November 13th 1868. Present, Thompson, C. J., Read, Sharswood and Williams, JJ. Agnew, J., absent.

Error to the Court of Common Pleas of *Allegheny county :* No. 12, to October and November Term 1868.

[Reamer v. Lamberton.]

This was a sheriff's interpleader between Josiah Reamer, assignee for the benefit of creditors of A. Conkle, and R. Lamberton & Co., to try the title to certain goods levied on under a fi. fa. to March Term 1867 of the Common Pleas, at the suit of Lamberton & Co. against Conkle.

Lamberton's execution was for $4725, was tested December 8th 1866, and placed in the sheriff's hands at 8½ o'clock P. M. of that day. On the same day, Conkle executed and acknowledged a deed of assignment for the benefit of his creditors, leaving a blank for the name of the assignee; the assignment was left with the scrivener until the name of an assignee could be procured and inserted. This was all done before Lamberton's execution came into the sheriff's hands. On the 10th of December, the name of Reamer was inserted in the blank, and the deed then put on record. On the 11th of December, the sheriff levied on Conkle's goods in question in the issue.

The court (Mellon, J.) charged that the assignment did not divest the property of Conkle. The jury found for the defendants. The plaintiff took out a writ of error. No assignment of error was filed.

*R. G. Kirkpatrick*, for plaintiff, cited Lucas *v.* Sunbury and E. Railroad, 8 Casey 461; Read *v.* Robinson, 6 W. & S. 331.

*A. M. Brown*, for defendants in error, cited, as to the lien of the execution: Act of June 16th 1836, § 39, Pamph. L. 768, Purd. 437, pl. 40; Duncan *v.* McCumber, 10 Watts 212; Earl's Appeal, 1 Harris 485; Shafner *v.* Gilmore, 3 W. & S. 438; Wilson's Appeal, 1 Harris 426; Schuylkill County's Appeal, 6 Casey 358. As to the assignment: 2 Sharswood's Blackst. 295–307; Moore *v.* Bickham, 4 Binney 1; Van Amringe *v.* Morton, 4 Wharton 382; Arrison *v.* Harmstead, 2 Barr 191; Utterbach *v.* Binns, 1 McLean 242; Parmelee *v.* Simpson, 5 Wallace 81; Younge *v.* Guilbeau, 3 Wallace 636; Carr *v.* Hoxie, 5 Mason 60; McKinney *v.* Rhoads, 5 Watts 343.

The opinion of the court was delivered, January 4th 1869, by

WILLIAMS, J.—There is no assignment of error in this case, and as we discover no error in the record, the judgment must be affirmed. It is clear that Conkle's title to the property levied on by the sheriff was not divested by his deed of voluntary assignment to the plaintiff until after the lien of the defendant's execution had attached.

Though the deed was signed and acknowledged by Conkle before the hour at which the execution went into the sheriff's hands, a blank was left therein for the insertion of the name of the assignee as soon as one should be determined on or procured,

[Reamer *v.* Lamberton.]

and the plaintiff's name was not inserted as such assignee until the second day after the defendant's writ was received by the sheriff.

At the time the writ went into the sheriff's hands there had been no delivery of the deed. It had been merely left in the hands of the scrivener until an assignee should be selected or procured.

The title to the property remained in Conkle, and did not pass to the assignee until after the insertion of his name in the deed, and its delivery to him. The insertion of his name as assignee was essential to the completion and validity of the instrument; and, as was said in McKinney *v.* Rhoads, 5 Watts 344, delivery of the instrument was necessary to constitute it a deed and consequently to protect the property from execution. The court below, therefore, rightly instructed the jury that the voluntary assignment, executed in the manner it was, did not, before an assignee was named or inserted in the deed, divest the property of the defendant in the execution.

Judgment affirmed.

AGNEW, J., was holding a Court of Oyer and Terminer in Westmoreland county, from the 9th to the 14th of November, inclusive.